IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AKASHDEEP SINGH,

    Petitioner,

v.       No. 2:26-cv-00304-MLG-SCY

MARY DE ANDA-YBARRA, Field Office
Director of Enforcement and Removal
Operations, ERO El Paso Field Office,
Immigration and Customs Enforcement, et al.,

    Respondents.

**ORDER FOR SERVICE, TO SHOW CAUSE, AND
ENJOINING TRANSFER OF PETITIONER OUTSIDE THE DISTRICT**

    Petitioner Akashdeep Singh, an Indian citizen, is detained at the Otero County Processing Center in Chaparral, New Mexico. Doc. 1 at 2 ¶ 1, 7 ¶¶ 15, 16. On February 6, 2026, Singh simultaneously filed a Petition for Writ of Habeas Corpus ("Habeas Petition"), Doc. 1, and a Petition for Temporary Restraining Order ("TRO Petition"), Doc. 2. The Habeas Petition seeks a writ of habeas corpus directing federal immigration authorities to immediately release Singh from custody, as he was previously released on his own recognizance pursuant to 8 U.S.C. § 1226(a) for several years prior to his re-detention in December 2025, or in the alternative provide an individualized custody review. Doc. 1 at 4-5 at ¶¶ 2-4, 18 ¶ 65, 20. He also requests other forms of injunctive relief conditioned upon his release. *Id.* The TRO Petition calls for Singh's release from custody with no additional conditions of release that were not imposed prior to his detention in 2025 and an order enjoining Respondents from relocating Singh outside the District of New Mexico while this action remains pending. Doc. 2 at 1-2.

1

Federal Rule of Civil Procedure 65(b)(1) provides that the Court "may issue a temporary restraining order without written or oral notice to the adverse party" if two conditions are met:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Singh's counsel certified copies of the TRO Petition were provided to Respondents via e-mail, however, it is not clear that this is sufficient notice.[1] Doc. 2-2 at 1; Doc. 3; Doc. 5. Singh's counsel has not certified in writing why notice should not be required in this case, and therefore, Rule 65(b)(1)(B) has not been satisfied. The Court also notes the TRO Petition does not address any of the required factors for injunctive relief. *See* Doc. 2; *Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1224 (10th Cir. 2009); *Valdez v. Grisham*, 559 F. Supp. 3d 1161, 1170 n.1 (D.N.M. 2021).

On February 6, 2026, The Clerk's Office served Singh's Habeas Petition, Doc. 1, on the United States, its agencies, and its officers in accordance with the Standing Order filed January 28, 2026. *See* Doc. 3; Standing Order, *In re Service of Process in Immigration Habeas Petitions Filed Pursuant to §§ 2241 et seq.*, No. 1:26-mc-00004 (D.N.M. Jan. 28, 2026). The Court orders that Clerk's Office provide the Otero County Processing Center copies of the Habeas Petition (Doc. 1), the TRO Petition (Doc. 2), and this Order in accordance with the Standing Order.

---

[1] Petitioner's Counsel certified that copies of the TRO Petition were sent to the e-mail address usanm.usattorny@usdoj.gov. Doc. 5 at 2; Doc 5-1. This appears to be the e-mail address for the Public Affairs Specialist for the United States Attorney's Office for the District of New Mexico. This address is not for counsel or the Civil Process Clerk. *See* United States Attorney's Office District of New Mexico, *Contact Us* https://www.justice.gov/usao-nm/contact-us (last visited Feb. 9, 2026). The Court will therefore direct the Clerk to serve copies of the TRO Petition to Respondents.

The Court orders the Clerk's Office to e-mail courtesy copies of the TRO Petition, Doc. 2, and this Order to the United States Attorney's Office for the District of New Mexico ("USAO") via the Civil Immigration mailbox. Within ten days[2] of receiving the TRO Petition, the USAO must respond to the Habeas Petition (Doc. 1) and TRO Petition (Doc. 2) show cause why the relief requested should not be granted.

Under similar circumstances, this Court has granted requests for individualized bond hearings pursuant to 8 U.S.C. § 1226(a). *See Cortez-Gonzalez v. Noem,* No. 2:25-cv-00985-MLG-KK, 2025 WL 3485771, at *3-4, *6 (D.N.M. Dec. 4, 2025); *Diaz-Cruz v. Dedos,* No. 1:25-cv-01117-MLG-JMR, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025); *Gonzalez Ramos v. Dedos,* No. 1:25-cv-00975-MLG-KRS, 2025 WL 3653928, at *2-5 (D.N.M. Dec. 17, 2025). In doing so, the Court joins the "overwhelming, lopsided majority" of courts that have concluded that § 1226(a)—not § 1225(b)(2)—governs the detention of noncitizens like Singh, who entered the United States in September 2021 and, after being temporarily detained, was released into the United States on his own recognizance. Doc. 1 at 4-5 ¶¶ 2-4; *see also Barco Mercado v. Francis*, No. 25-CV-6582, 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (observing that the "overwhelming, lopsided majority" of courts have rejected the interpretation that § 1225 requires mandatory detention of all undocumented noncitizens living in the United States "until their removal proceedings are completed"). Any response filed by the USAO must therefore demonstrate why the specific facts or procedural posture of this case warrant a departure from the Court's prior rulings.

---

[2] The deadlines in this order are to be calculated in accordance with Federal Rule of Civil Procedure 6.

3

If Singh wishes to file replies, he may do so within ten days after the USAO's responses are filed. The Court will determine whether a hearing is necessary once briefing is complete.[3]

Respondents are enjoined pursuant to the All Writs Act, 28 U.S.C. § 1651(a), from transferring Singh outside the District of New Mexico while this proceeding is pending in order to ensure the Court retains jurisdiction in this matter. *See Gamez Lira v. Noem*, No. 1:25-cv-00855-WJ-KK, 2025 WL 2581710, at * 2 (D.N.M. Sept. 5, 2025) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) (holding habeas relief is available only in the district of confinement)).

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

[3] The Court generally does not permit remote appearances, so all interested counsel must appear for hearings in person.