# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

AKASHDEEP SINGH,

      Petitioner,

v.

No. 2:26-cv-00304-MLG-SCY

MARY DE ANDA-YBARRA, Field Office
Director of Enforcement and Removal
Operations, ERO El Paso Field Office,
Immigration and Customs Enforcement, et al.,

      Respondents.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER

This matter is before the Court on Petitioner Akashdeep Singh's Petition for Writ of Habeas Corpus ("Petition") filed February 6, 2026. Doc. 1. Singh, an Indian citizen, is detained at the Otero County Processing Center in Chaparral, New Mexico. *Id.* at 2, 7 ¶¶ 1, 15, 16. He entered the United States near San Luis, Arizona and was subsequently arrested by U.S. Customs and Border Protection ("CBP") on November 21, 2021. *Id.* at 4 ¶ 2. Singh was released on his own recognizance[1] pursuant to 8 U.S.C. § 1226(a)(B)(2) and pending any future removal proceedings.[2] *Id.* at 4-5 ¶¶ 2-3. On December 1, 2025, Singh was taken into custody by the Department of

---

[1] Section 1226 permits the release of a noncitizen from custody pending a removability determination "on 'conditional parole,'" which is synonymous with "release on recognizance." *See Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) (noting the Government "use[s] the phrase 'release on recognizance' as another name for 'conditional parole' under § 1226(a)").

[2] Before making a custody determination, an immigration officer must assess whether releasing the noncitizen would "pose a danger to property or persons" and whether they are "likely to appear for any future [immigration] proceeding." 8 C.F.R. § 236.1(c)(8). Obviously, if a person is released on conditional parole, the immigration officer has found neither consideration appliable.

Homeland Security ("DHS") during his check-in with Immigration and Customs Enforcement ("ICE") at their New York office. *Id.* at 5 ¶ 4. No written notice was provided regarding the revocation of Singh's earlier release. *Id.* at ¶ 5.

Following his re-arrest, Singh was detained at Otero County Processing Center ("Otero") in Chaparral, in New Mexico. *Id.* at ¶ 6. Singh remains detained in Otero absent an immigration court finding that his circumstances have changed so materially that he now poses either a flight risk or a danger to the community. *Id.* at ¶ 5. Singh fully complied with all conditions of his release and attended all court hearings regarding his removal proceedings until his abrupt re-detention in 2025. *Id.* at 4, 5 ¶¶ 2, 4, 7. He has no criminal history. *See id.* at 5 ¶ 7. Singh has not received a hearing regarding the basis for his re-detention. *Id.* at 5 ¶ 5.

Singh filed his Petition challenging the legality of his detention and seeking immediate release because Respondents have not provided him a constitutionally adequate hearing before a neutral decisionmaker as to why his detention is necessary. *Id.* at 2-3 ¶¶ 4, 5. He claims his continued detention violates the Immigration Nationality Act ("INA") and the Fifth Amendment Due Process Clause. *Id.* at 3-4, 11-14, 16-18 ¶¶ 6, 31-45, 56-65. He argues his detention also violates the Administrative Procedure Act and Suspension Clause. *Id.* at 14-16, 18-20 ¶¶ 46-55, 66-75. Singh requests the Court declare his continued detention violates the INA, Administrative Procedure Act, and the Fifth Amendment Due Process Clause. *Id.* at 20. He asks the Court to issue an order for his immediately release from custody, or in the alternative, direct Respondents to provide an individualized custody review. *Id.* at 12, 14, 16, 18, 20 ¶¶ 38, 45, 55, 65. He also requests the Court enjoin Respondents from transferring him during the pendency of the instant

action.[3] *Id.* at 20. The Petition requests the Court award Singh his costs and attorney's fees under the Equal Access to Justice Act ("EAJA"). *Id.*

Singh also filed a Petition for Temporary Restraining Order ("TRO Petition") on February 6, 2026. Doc. 2. The TRO Petition similarly requests the Court issue an order for Singh's immediate release from custody and enjoin Respondents from relocating him outside the District of New Mexico. *Id.* at 1-2.

Respondents filed a Response to the Petition on February 19, 2026. Doc. 9. They assert that Singh's detention accords with § 1225(b)(2)(A) per the BIA's decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025),[4] and therefore, is mandatory. *Id.* at 1-2. Singh filed a Reply on February 20, 2026. Doc. 10.

It is undisputed that Singh was released on his own recognizance. *See* Doc. 1 at 4 ¶ 2. Furthermore, the Order of Release on Recognizance that CBP issued to Singh following his initial arrest "expressly states that he was being released on his own recognizance under Section 236 of the [INA]."[5] *Id.* at 4 ¶ 3. Section 236 of the INA is codified as 8 U.S.C. § 1226. *See* Credits, § 1226. The Court therefore concludes that Singh was released pursuant to § 1226(a)(2)[6] and that an

---

[3] The Court in its Order to Show Cause enjoined Respondents from transferring Singh outside the District of New Mexico while this proceeding is pending. Doc. 6 at 4.

[4] A recent the Bureau of Immigration Affairs ("BIA") precedential decision holding that section 235(b)(2)(A) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1225(b)(2)(A), precludes IJs from granting bond requests to people who are present in the United States unlawfully and instead requires their mandatory detention. *Hurtado*, 29 I&N Dec. at 220..

[5] The Government does not dispute this in its response. *See* Doc. 9.

[6] Respondents offer no documentary evidence that Singh was released in 2021 pursuant to § 1182(d)(5)(A)—the only exception to § 1225 mandatory detention. *See generally* Doc. 9; *see also Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 485 (S.D.N.Y. 2025) ("Such a release on recognizance is not 'humanitarian' or 'public benefit' 'parole into the United States' under §§ 1225 and 1182(d)(5)(A), but rather[,] a form of 'conditional parole' from detention, authorized under §

immigration officer made an initial determination that Singh was neither a danger to the community nor a flight risk. *See* 8 C.F.R. § 236.1(c)(8); *supra* note 2.

Given the Court's determination that Singh was initially released from CBP custody pursuant to § 1226(a)(2), the Court hereby finds Singh's re-detention without an immigration court's finding of dangerousness or risk of flight constitutes a violation of the Fifth Amendment's Due Process Clause.[7] The analysis and reasoning set forth in this Court's opinion in *Diallo v. Orozco* is adopted here. No. 2:26-cv-00066-MLG-JHR, 2026 WL 608746, at *3-4 (D.N.M. Mar. 4, 2026) (employing the *Mathews v. Eldridge*[8] balancing test to hold that re-detention of a petitioner initially released on their own recognizance pursuant to § 1226(a)(2) without a pre-deprivation hearing or immigration court finding of a change in dangerousness or flight risk constitutes a due process violation); *see also Garcia Domingo v. Castro*, 806 F. Supp. 3d 1246, 1252 (D.N.M. 2025); *Danierov v. Noem*, No. 2:25-cv-01215-KG-KRS, 2025 WL 3653925, at *2 (D.N.M. Dec. 17, 2025); *Ramirez v. Noem*, No. 2:26-cv-00063-SMD-GJF, 2026 WL 381869, at *6-7 (D.N.M. Feb. 11, 2026); *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1082 (N.D. Cal. 2025) (collecting cases from the Northern District of California), *appeal filed sub nom.*, *Garcia v. Albarran*, No. 25-7868 (9th Cir. Dec. 16, 2025); *Destino v. FCI Berlin, Warden*, No. 1:25-cv-374-

---

1226.”); *Goorakani v. Lyons*, Nos. 25-cv-9456, 25-cv-9551, 25-cv-9592, 25-cv-9952, 2025 WL 3632896, at *7 n.8 (S.D.N.Y. Dec. 15, 2025) (finding a petitioner's release on recognizance was pursuant to § 1226 despite the lack of documentary evidence provided by the Government). Even more telling, Respondents do not assert that Singh is subject to § 1225(b)(2)(a) because he was initially detained under this statute. *See* Doc. 9.

[7] A bond hearing before an IJ under § 1226(a) occurs after a noncitizen has already been detained by DHS. § 1226(a)(1)-(2); 8 C.F.R.§ 236.1(d). This type of bond hearing therefore cannot prevent a deprivation of liberty that the Fifth Amendment seeks to protect as the noncitizen is already in custody. *See Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1089 (N.D. Cal. 2025); *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1323 (W.D. Wash. 2025).

[8] 424 U.S. 319, 335 (1976).

SE-AJ, 2025 WL 4010424, at *11 (D.N.H. Dec. 24, 2025), *appeal filed sub nom.*, *Destino v. Ackley*, No. 26-1181 (1st Cir. Feb. 20, 2026); *O.F.C. v. Almodovar*, No. 25-cv-9816 (LJL), 2026 WL 74262, at *7 (S.D.N.Y. Jan. 9, 2026); *Singh v. Stevens*, No. 3:26-CV-133, 2026 WL 456489, at *7 (N.D. Ohio Feb. 18, 2026). Therefore, the requested writ of habeas corpus for his immediate release is granted.

Singh shall be released within twenty-four hours of the entry of this Order. He shall be released with all identification documentation that he possessed on his person when detained by Respondents in December 2025 along with a copy of this Order.

Singh may not be re-detained without a pre-detention hearing before a neutral IJ and only following a showing by clear and convincing evidence that Singh is a flight risk or poses a danger to the community and that no conditions other than his detention would be sufficient to prevent such harms. Singh shall receive at least seven (7) days' notice before the pre-detention hearing takes place.

Respondents are further ordered to file a status report within three (3) days of this Order to certify compliance. The status report shall provide the date and location in which Singh was released from custody.

Because Singh's Petition has been granted, his Petition for a Temporary Restraining Order (Doc. 2) is moot.

Singh's request for attorney's fees and costs under the EAJA shall be considered. *See* 28 U.S.C. § 2412(d)(1)(A); *Delay v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) ("[W]e read the EAJA's broad language to unambiguously authorize fees in habeas actions challenging immigration detention."). Singh shall "within thirty days of final judgment in the action, submit to the court an application for fees and other expenses" in accordance with 28 U.S.C. § 2412(d)(1)(B).

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA